UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XIANLING WANG,<br><br>    Petitioner,<br><br>    v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>    Respondents. | No. 1:26-cv-00462-DAD-CKD<br><br>ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. Nos. 1, 8) |

       On January 19, 2026, petitioner Xianling Wang filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging her detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) On January 29, 2026, petitioner filed a motion for temporary restraining order requesting her immediate release and an order enjoining respondents from re-detaining her without first providing a pre-detention hearing before a neutral adjudicator where respondents would bear the burden to demonstrate that she is a danger to the community or a flight risk. (Doc. No. 8.) On January 29, 2026, the court set a briefing schedule for petitioner's motion for a temporary restraining order and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in this court's recent decisions in *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), where the court concluded that due process required a

pre-detention hearing to protect the petitioner's liberty interest in her continued release. (Doc. No. 9.) In that order, the court also *sua sponte* sealed certain attachments to petitioner's petition and motion for temporary restraining order on the grounds that those attachments contained personally identifiable information of non-parties. (*Id.*)

On February 2, 2026, respondents filed an opposition to the motion for temporary restraining order. (Doc. No. 12.) Respondents concede therein that there does not appear to be any substantive distinctions between this case and *Ayala Cajina*. (*Id.* at 3.) Respondents provide evidence that petitioner had violated a term of her release by missing biometric check-ins on multiple occasions. (*Id.*) However, respondents do not contend that petitioner was detained for this reason, was informed that this was the reason for her detention, or even argue that her continued detention is justified by such violations of the conditions of her release. (*Id.*) Construing respondents' representation as an argument that the motion for temporary restraining order should be denied, the court rejects that argument on the grounds that respondents have provided no legal authority in support of that argument. Respondents also state that they do not oppose converting the motion for temporary restraining order to a motion for preliminary injunction. (*Id.* at 4.) Moreover, respondents do not oppose the court ruling on the underlying habeas petition should the court desire to grant a preliminary injunction. (*Id.*)

In support of her petition for writ of habeas corpus and motion for a temporary restraining order, petitioner presents evidence of the following.

Petitioner entered the United States was detained by immigration authorities, and released by those authorities with various reporting requirements. (Doc. No. 1 at 4.) According to petitioner, she did not miss an ICE reporting appointment. Petitioner was re-detained by ICE on December 10, 2025. (*Id.*)

Because respondents have conceded that this case is not substantively distinct from the court's prior order in *Ayala Cajina*, the court incorporates and adopts the reasoning set forth in that order and finds that petitioner's continued detention violates due process.

/////

/////

2

For the reasons above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a. Respondents are ORDERED to immediately release petitioner from respondents' custody with the same conditions she was subject to immediately prior to her re-detention on December 10, 2025;

    b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petition notice and a pre-detention hearing before an immigration judge where respondents will have the burden to demonstrate that petitioner is a danger to the community or a flight risk;

2. Petitioner's motion for a temporary restraining order (Doc. No. 8) is hereby DENIED as having been rendered moot in light of this order;

3. The Clerk of the Court is directed to ENTER judgment in favor of petitioner; and

4. The Clerk of the Court is DIRECTED to close this case.

IT IS SO ORDERED.

Dated: **February 3, 2026**

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES DISTRICT JUDGE